# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

ROCKY RAY CORLEW,

    *Defendant*.
    _____/

CASE NO: 09-CR-20523-01

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT, FINDINGS AND RECOMMENDATION CONCERNING PLEA OF GUILTY

**I.   REPORT AND FINDINGS**

This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and 636(b)(3) for purposes of receiving, on consent of the parties, Defendant's offer of a plea of guilty. Defendant and his counsel appeared before me on February 23, 2011. In open court, I examined Defendant under oath, confirmed Defendant's consent, and advised and questioned Defendant regarding each of the inquiries prescribed by Rule 11(b) of the Federal Rules of Criminal Procedure.

Based upon Defendant's answers and demeanor, **I HEREBY FIND**: (1) that Defendant is competent to tender a plea; (2) that Defendant's plea was knowingly and intelligently made; and (3) that the offense to which Defendant pleaded guilty is supported by an independent basis in fact containing each of the essential elements of the offense. Therefore, I have ordered the preparation of a presentence investigation report. **I FURTHER FIND** that for the reasons stated at greater length on the record, the Government's motion to revoke bond is **DENIED**, as the Government

does not cite to any violation of bond conditions, and the presumption in favor of bond revocation contained in 18 U.S.C. §3143 does not yet apply.

## II.     RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that, subject to the Court's consideration of the plea agreement pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, Defendant's plea be accepted, Defendant be adjudged guilty, and the Court impose sentence.

## III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED.R.CIV.P. 72(B)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                            s/ *Charles E Binder*
                                                            CHARLES E. BINDER
Dated: February 24, 2011                 United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Janet Parker and Ken Sasse, and served on District Judge Ludington in the traditional manner.

Date: February 24, 2011        By     s/*Jean L. Broucek*
                                            Case Manager to Magistrate Judge Binder